1998 OK 54

**Bernice STOUT, Appellant,**

v.

**Dr. Eric WOLLMANN, M.D., Appellee.**

**No. 88576.**

Supreme Court of Oklahoma.

June 9, 1998.

Michael M. Blue, John M. Merritt, Oklahoma City, James R. Banowsky, Norman, for Appellant.

Randall L. Sewell, Steven T. Horton, Oklahoma City, for Appellee.

Karen M. Grundy, Tulsa, For Amicus Curiae, Oklahoma State Medical Association.

HODGES, Justice.

¶ 1 This appeal in a medical malpractice action raises the issue of whether it was error for the trial court to exclude evidence that Defendant's expert witness was on the board of directors of Defendant's medical malpractice mutual insurance company and was a member of its loss prevention committee. This Court holds that the trial court abused its discretion by excluding such evidence.

¶ 2 Plaintiff, Bernice Stout, filed this medical malpractice action alleging that Defendant, radiologist Eric Wollmann, M.D., was negligent in his performance of Plaintiff's arteriogram. At trial, Plaintiff sought to impeach Defendant's expert witness with evidence demonstrating bias or prejudice. Specifically, Plaintiff wanted to question the expert concerning his relationship with Defendant's medical malpractice insurer, Physicians Liability Insurance Company (PLICO), a mutual insurance company. The trial court granted Defendant's motion *in limine* and the evidence was thus excluded. The jury returned a verdict in favor of Defendant.

¶ 3 The issue of a defense expert's malpractice insurance coverage in common with a defendant is controlled by this Court's recent decision in *Mills v. Grotheer*, 957 P.2d 540 (Okla. 1998). There, this Court held that the defense witness must have "a substantial connection with the business of the common insurer." *Id.* at 543. Only then does the relationship becomes sufficiently probative so as to substantially outweigh the prejudice to a defendant caused by the jury's knowledge that defendant carries malpractice insurance. *Id.* In this matter, however, that higher degree of connection has been demonstrated.

¶ 4 At trial, Plaintiff offered proof that the defense expert and defendant were insured by PLICO. In addition, the expert was, at the time of trial, a paid member of PLICO's board of directors. He also served on PLICO's loss prevention committee which is concerned, in part, with loses due to malpractice claims.

¶ 5 The higher degree of connection of the expert with PLICO made it more probable that the expert could be biased towards the insurer. The trial court erred by prohibiting cross examination of the expert concerning his relationship with PLICO. A new trial is ordered. In view of the fact that a new trial will be conducted, it is not necessary to address Plaintiff's other assertion of error.

### REVERSED AND REMANDED FOR NEW TRIAL

¶ 6 KAUGER, C.J., SUMMERS, V.C.J., HODGES, LAVENDER, WILSON, WATT, JJ., concur.

SIMMS, HARGRAVE, OPALA, JJ., concur in result.